Settle order on notice.

---

### HORGAN v. RAPID TRANSIT SUBWAY CONST. CO.

(Supreme Court, Appellate Term, First Department. February 24, 1914.)

1. MASTER AND SERVANT (§ 179\*)—NEGLIGENCE OF FELLOW SERVANT—EMPLOYERS' LIABILITY ACT.

A master's exemption from liability for the act of a fellow servant has not been abolished by the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 354–358; Dec. Dig. § 179.\*]

2. MASTER AND SERVANT (§ 295\*)—ASSUMPTION OF RISK—QUESTION OF FACT.

In view of Labor Law (Consol. Laws 1909, c. 31) § 202, distinguishing between the employé's assumption of necessary risks as a principle of law, and his possible assumption of obvious risks as a defense, and making the question whether the employé understood and assumed the risk one of fact, it was error to instruct that the defense of assumption of risk was neither a question of law or of fact.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.\*]

3. TRIAL (§ 251\*)—ACTION FOR INJURIES—INSTRUCTION—APPLICATION TO ISSUES.

In an action under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) for personal injuries, where there was nothing in the record upon which the jury might base a conclusion in response thereto, a charge upon defendant's negligence, given after completion of the main charge and after passing on requests of counsel, injected a new issue and was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.\*]

4. MASTER AND SERVANT (§ 289\*)—ACTION FOR INJURIES—QUESTION FOR JURY—CONTRIBUTORY NEGLIGENCE.

On evidence in an action under the Employers' Liability Act (Consol. Laws 1909, c. 31, §§ 200–204) for personal injuries, *held* that, notwithstanding plaintiff's testimony that he thought he was in a position of safety, the question of his contributory negligence was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.\*]

Appeal from City Court of New York, Trial Term.

Action by William Horgan against the Rapid Transit Subway Construction Company. From a judgment entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, BIJUR, and PAGE, JJ.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lyman A. Spalding, of New York City (Theodore H. Lord, of New York City, of counsel), for appellant.

Francis X. McCollum, of New York City (Raphael Link, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought under the Employers' Liability Act to recover damages for personal injuries sustained by plaintiff through the alleged negligence of defendant.

Plaintiff was engaged in plumbing a column in the subway close to the north-bound track about 150 feet north of the 110th Street Station. A north-bound train injured his foot, which in the course of his work he had placed so near the westerly rail of the north-bound track as to have come in contact with some part of the train.

From the evidence adduced at the trial, it became quite clear that the only pertinent allegation of negligence in the complaint was the following:

"That the defendant's superintendent or foreman failed to furnish the plaintiff with any signalman whose duty it was or should be to issue warnings of the approach of trains and to notify all employés in time to avoid accident or injury."

The proof offered by plaintiff was to the effect that on previous days a watchman had been walking up and down the north-bound track, and had stopped approaching trains by the use of his lantern when he thought that necessary, or whistled to notify the employés to assume positions of safety when he thought it advisable that the trains should pass by. There was not the slightest suggestion that this method of warning was not ample.

Plaintiff's further proof showed that on the morning of the accident, at about 9 o'clock, he had gone to the foreman to ask for a helper on the work and to notify him that no watchman was on duty, and that the foreman had promised to send one forthwith. The accident happened about 10 o'clock. A number of plaintiff's witnesses testified "that there was no watchman on the north-bound track," and that no whistle was blown or other warning given on that morning. Defendant's witnesses testified that two watchmen were on duty and had been paid that day, one controlling south-bound traffic and the other at or near the northern end of the station platform controlling the north-bound trains. Defendant evidently conceded that a watchman was necessary, and neither plaintiff nor his witnesses gave any indication that a watchman stationed and operating as he had been on previous days was not a sufficient protection.

[1, 2] The learned court below instructed the jury at length in regard to the common-law liabilities of master and servant, and undertook to point out changes made by the Employers' Liability Law. In the course of his charge he said, in substance, that the fellow-servant rule had been abolished and that the defense of assumption of risk was neither a question of law nor of fact. To both these statements the counsel for defendant excepted, and asked the court particularly to charge as provided in the first sentence of section 202 of the Labor Law (L. 1910, c. 352) that an employé, as matter of law, assumed the

necessary risks of his employment, namely, those inherent in the nature of the business after the employer had exercised due care, and excepted to the refusal of the court to so charge. Both these exceptions present errors. The master's exemption from liability for the act of a fellow servant has not been abolished by the Employers' Liability Act, and the distinction between the employé's assumption of "necessary risks" as a principle of law, and his possible assumption of "obvious risks" as a defense, has been carefully preserved in section 202 of the Labor Law. See, also, Hurley v. Olcott, 134 App. Div. 631, 637, 119 N. Y. Supp. 430.

[3] It may be that these two errors would not require reversal of the judgment, because as the case was tried it is not clear how either the fellow-servant rule or the doctrine of assumption of risk became material to the jury's deliberations. The chief criticism which defendant presents in respect of this part of the charge is that it tended to confuse the minds of the jury. Unfortunately, however, after the main charge was completed, and all of the respective counsels' requests had been passed on, and, at least part of the error above referred to had been technically corrected, counsel for the plaintiff insisted on asking the court to charge "that if they believed that in the exercise of reasonable care on the part of the defendant a watchman was needed at the place where the plaintiff was working, 150 feet north of the platform, and no watchman was there," etc., the jury would be justified in finding the defendant negligent. To this, defendant's counsel excepted, "among other grounds, upon the fact that this is not an issue presented by the pleadings," and he might well have added "nor by the proofs."

It is quite plain that, by this last charge and the colloquy and requests to charge which immediately preceded it, an issue which had not previously been hinted at was injected into the controversy. The record is absolutely bare of any testimony upon which the jury might base a conclusion in response to this charge.

I am reluctant to reverse a judgment after there have been repeated trials; but the defendant is entitled to have the decision of a jury upon the actual issue presented by the pleadings and the proofs and to a correct statement of the law applicable to this issue.

[4] Appellant also makes the point that plaintiff, having testified that he thought that he was in a position of safety, must be taken, as matter of law, to have been guilty of contributory negligence. In this contention I cannot agree—as a general proposition, and particularly not as applied to the circumstances of this case.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event.

PAGE, J., concurs. LEHMAN, J., concurs in result.